**Michael LOUKAS, Plaintiff–Appellant,**

**v.**

**David GUNDY, Warden and Daniel Smalley, Doctor, Defendants–Appellees.**

No. 02–1959.

United States Court of Appeals, Sixth Circuit.

June 23, 2003.

* The Honorable Glen M. Williams, United

---

Before KENNEDY and COLE, Circuit Judges; and WILLIAMS, District Judge.*

*ORDER*

Michael Loukas, a Michigan prisoner proceeding pro se, appeals a district court

States District Judge for the Western District

judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Loukas sues David Gundy, Warden at the Oaks Correctional Facility, and Dr. Daniel Smalley, a physician at that facility. Loukas claims that he twisted his ankle when he was getting out of bed on December 1, 2001. He sent a health care request with regard to his injury. On December 12, Loukas was called out by Dr. Smalley and Nurse Young concerning the results of a blood test. During the consultation, Nurse Young saw Loukas's ankle and asked Dr. Smalley to take a look at it. Dr. Smalley responded that he did not call Loukas out to examine his ankle, and instructed the nurse to make Loukas a new appointment with regard to Loukas's ankle. Loukas saw Dr. Smalley about his ankle on December 19, 2001, and x-rays were ordered. On December 24, 2001, Dr. Smalley informed Loukas that a bone was broken in his foot, Loukas was provided with crutches and pain medication. Loukas claims that he should not have had to suffer walking on a broken foot for twenty-four days without crutches and pain medications. He sues the defendants in their individual and official capacities.

The district court dismissed the complaint, pursuant to 28 U.S.C. § 1915(e), § 1915A and 42 U.S.C. § 1997e(c), for failure to state a claim notwithstanding Loukas's failure to exhaust his administrative remedies. Reconsideration was denied. This appeal followed.

We review de novo a district court's decision to dismiss under 28 U.S.C.

§ 1915(e), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e(c). See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997). In determining whether a complaint fails to state a claim, this court construes the complaint in the light most favorable to the plaintiff, accepts his factual allegations as true, and determines whether he can prove any set of facts in support of his claims that would entitle him to relief. See Turker v. Ohio Dep't of Rehab. & Corr., 157 F.3d 453, 456 (6th Cir.1998).

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Street v. Corr. Corp. of Am., 102 F.3d 810, 814 (6th Cir.1996).

Upon review, we conclude that the district court properly dismissed Loukas's claim against defendant Gundy. Loukas's claim against defendant Gundy is based upon a respondeat superior theory of liability, which cannot provide the basis for liability in § 1983 actions. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Street, 102 F.3d at 817–18. In order to establish liability pursuant to § 1983, the plaintiff must prove that the defendant, as a supervisory official, is personally responsible for the alleged unconstitutional actions that caused his injury. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.1984). At a minimum, the plaintiff must demonstrate that a supervisory official condoned, encouraged, or knowingly acquiesced in the alleged unconstitutional misconduct. Id. Loukas fails to allege any facts that show Gundy encouraged or condoned the alleged unconstitutional conduct of Dr. Smalley, or

of Virginia, sitting by designation.

that Gundy authorized, approved or knowingly acquiesced in the conduct. Liability under § 1983 cannot be imposed merely because of the supervisory position which this particular defendant held. *See id.* For these reasons, Loukas's complaint against defendant Gundy fails to state a claim upon which relief could be granted and was properly dismissed by the district court.

Likewise, Loukas fails to state a claim against Dr. Smalley for violation of his Eighth Amendment rights. The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 102–03, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Gregg v. Georgia,* 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976)). An Eighth Amendment claim contains both an objective and a subjective component. *See Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *see also Hudson v. McMillian,* 503 U.S. 1, 8–9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Wilson,* 501 U.S. at 298–99, 111 S.Ct. 2321. Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. *Id.* at 835–36, 111 S.Ct. 2321. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. *See Estelle,* 429 U.S. at 106, 97 S.Ct. 285.

Furthermore, an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay. *See Napier v. Madison County, Ky.,* 238 F.3d 739, 742 (6th Cir.2001). Here, Loukas does not allege or show that he suffered any detrimental effect from the delay in treatment. Apparently, Loukas did not suffer a serious break that required a cast or other procedure to rest the bone. The only treatment provided for his injury was pain medication and crutches to make him more comfortable while the bone healed. The fact that Loukas suffered some discomfort before he received the pain medication on December 24 is not sufficient to state an Eighth Amendment claim. Therefore, Loukas fails to state a claim under the Eighth Amendment.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.